RINGLER ET AL., APPELLANTS, *v.* SIAS ET AL., APPELLEES.

(No. 80AP-110—Decided May 22, 1980.)

*Mr. James D. McNamara,* for appellants.

*Messrs. Margulis, Gussler, Hall, Hosterman & Lucks* and *Mr. Leo J. Hall,* for appellees.

McCORMAC, J. Plaintiffs-appellants were tenants in a mobile home owned and managed by defendants-appellees and

were evicted pursuant to a lawful court order. A deputy sheriff enforcing the writ of execution, pursuant to R. C. 1923.14, placed plaintiffs' personal property outside, with a portion of the property being placed on defendants' land and the remainder being placed on land owned by others. Two boys, who were sons of the manager or the maintenance man, assisted the deputy sheriff in removing the personal property from the mobile home. Plaintiffs were unaware of the setout until several days later when substantial damage or loss of their property had occurred. These facts were stipulated for the purpose of ruling on defendants' motion for summary judgment. The trial court granted defendants' motion for summary judgment. Plaintiffs have appealed, claiming that summary judgment was improper and contrary to law.

There is no indication in the stipulated facts that the setout of the property or the manner in which it was achieved was directed by defendants or that they were in any way responsible for the manner in which it was accomplished. The sheriff was legally obligated to restore the property to defendants; and, the assistance supplied to the deputy sheriff by the two sons of an employee of defendants, in physically accomplishing the setout, did not create a duty on the part of defendants. Hence, there is no possible basis for relief against defendants based upon the manner in which the setout of the property occurred, as defendants had no duty or responsibility therefor.

Plaintiffs contend that the defendants became gratuitous bailees of the portion of plaintiffs' property which was placed on defendants' premises and, as such, owed the obligation of gratuitous bailees not to wilfully destroy or injure the property. Plaintiffs further contend that the trier of the facts could have concluded that defendants were grossly neglectful of their duty as gratuitous bailees.

The first consideration is what duty or status does a landlord have toward a tenant's property which has legally been removed from the landlord's premises and which has been set out by a deputy sheriff upon the landlord's property. Does the setting of the personal property by a deputy sheriff upon the landlord's property create an involuntary constructive bailment, making the landlord responsible in some affirmative way for caring for the property? We believe not. Unless

the landlord takes some act consistent with an intent to possess the former tenant's property, the landlord does not become a gratuitous bailee of the property. To become a bailee, the property must come into possession of the bailee. The placing of personal property upon the open land of another does not constitute even a constructive delivery of possession to the landowner.

In the present case, there are no facts indicating that the landlord took any action concerning the property which was set on his land. Like any other person, the landlord had the obligation not to wilfully destroy or injure the property, but the facts do not indicate that anything was done by defendants. There were no acts of commission by defendants.

Construing the stipulated facts most favorably to plaintiffs, reasonable minds can come to but one conclusion, which is that the landlord owed no duty towards the personal property of plaintiffs other than not to wilfully damage the property and owed no affirmative duty to protect the property. Therefore, there was no breach of duty by defendants and summary judgment was properly rendered in their favor.

Appellants' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and MOYER, J., concur.