OPINION
{¶ 1} Appellant Central Mutual Insurance Company appeals a judgment dismissing its complaint for breach of an express or implied bailment and negligence against appellee Robert Stokes, following bench trial in Licking County Municipal Court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING APPELLEE'S MOTION FOR A DIRECTED VERDICT ON APPELLANT'S BAILMENT CLAIM.
 {¶ 4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PARTIES SPECIFICALLY INTENDED THAT NO IMPLIED OR EXPRESS BAILMENT CONTRACT BE CREATED, AS THIS FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS BASED UPON EVIDENCE THAT IS PROHIBITED UNDER EVID. R. 411, WHICH THE TRIAL COURT ERRED IN REFUSING TO STRIKE.
 {¶ 5} THE TRIAL COURT'S FINDING THAT DEFENDANT DID NOT CONCLUSIVELY ADMIT THAT HIS PATRONS HAD A HABIT OF FLIPPING CIGARETTES TOWARDS CANS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Appellee owned a sports bar in Newark, Ohio, known as Rusty's Sports Bar. Appellee and Gregory Robinson, owner of Robinson Music Services, had entered into an oral agreement whereby Robinson placed a pinball machine, a game which sat on top of the bar, a jukebox, a cigarette machine, and pool tables in appellee's bar. Pursuant to the agreement, appellee and Robinson split the gross profit from the machines 50/50. Robinson provided service and maintenance of the machines. Appellee paid for the electricity used to operate the machines, and supervised the machines during regular business hours. These items were insured through a policy of insurance issued to Robinson Music Services by appellant. During the early morning hours of March 19, 1998, a fire occurred at Rusty's Sports Bar. Appellant paid $9582.31 to Robinson for property lost in the fire, and became subrogated to any claims Robinson possessed against appellee.
 {¶ 7} Appellant filed the instant action against appellee alleging breach of bailment and negligence. The trial court denied appellant's motion for summary judgment on the issue of bailment. The case proceeded to bench trial. At trial, the court granted appellee's motion for a directed verdict on the issues of both implied and express bailment. Following completion of trial, the court granted judgment to appellee on the claim for negligence.
 I {¶ 8} Appellant first argues that the court erred in denying its motion for summary judgment on the issue of breach of implied bailment.
 {¶ 9} Where a motion for summary judgment is denied on the basis that genuine issues of material fact exist which must be determined at trial, and subsequent trial on the issues raised in the motion supports a final judgment for the party against whom the motion was made, the doctrine of harmless error bars any consideration on appeal of the denial of the motion for summary judgment. Continental Insurance Company v.Whittington, 71 Ohio St.3d 150, 1994-Ohio-362. In the instant case, the factual issues on the issue of implied bailment were resolved by trial on the merits. Any error in denying the motion for summary judgment was rendered harmless.
 {¶ 10} The first assignment of error is overruled.
 II {¶ 11} Appellant argues that the court erred in directing a verdict on the issues of express and implied bailment.
 {¶ 12} The test for granting a directed verdict is whether the movant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the non-movant. Sanek v. DuracoteCorp. (1989), 43 Ohio St.3d 169.
 {¶ 13} In order to establish a cause of action in contract under a bailment theory, the bailor must prove: (1) a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to deliver the bailed property undamaged at the termination of the bailment. Vandeventer v. Vandeventer (1999), 132 Ohio App.3d 762, 768. A contract of bailment is formed like any other contract, and its essential elements include delivery of the personal property to the bailee and acceptance by the bailee, with the intended return to the bailor. Bess v. Trader's World, Inc. (December 24, 2001), Warren App. No. 2001-06-063. Absent an express agreement between the parties, the alleged bailor must take some action that is consistent with an intent to possess custody of property. Ringler v. Sias (1980), 68 Ohio App.2d 230.
 {¶ 14} In the instant case, there is no evidence that the parties intended to create a bailment, or that an implied bailment arose by the conduct of the parties. Pursuant to the testimony of Gregory Robinson, the parties agreed that any loss was his risk, not appellee's risk. Tr. 34. Where the parties expressly agree that there is no bailment, and that the risk of loss remained on the alleged bailee, there can be no express or implied bailment. The only party asserting that a bailment exists is appellant, who is not a party to the original agreement. It is apparent from the record that the intention of the parties at the time the property was placed in the bar was that no bailment be created, and any risk of loss to the property remains on Robinson
 {¶ 15} The second assignment of error is overruled.
 III {¶ 16} Appellant argues that the court erred in failing to strike Robinson's testimony that if he did not have insurance, he would have received nothing when the property was destroyed by the fire, as he had no recourse against appellee pursuant to their agreement. Appellant did not object at the time Robinson testified, but later moved to strike this evidence based on Evid.R. 411, which provides that evidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully, but does not require the exclusion of evidence of insurance when offered for another purpose.
 {¶ 17} First, we note that this was a bench trial, and therefore the issue of insurance is not as potentially prejudicial as it is in a jury trial. Further, as the insurance company was the plaintiff in the case, subrogated to the claims of Robinson by payment for the loss from the fire, it is apparent from the outset that Robinson had insurance, even absent this testimony. This evidence was not offered to prove that Robinson acted negligently or otherwise wrongfully. The court did not err in failing to strike this evidence.
 {¶ 18} Appellant also argues that the court erred in relying on evidence of the intent of the parties in directing a verdict on the issue of bailment. We disagree. As a bailment is a contract, evidence of the intent of the parties is relevant to, and in this case dispositive of, the issues regarding formation of the agreement between the parties.
 {¶ 19} The third assignment of error is overruled.
 IV {¶ 20} Appellant argues that the judgment of the court on the claim for negligence is against the manifest weight of the evidence. He specifically argues that the court erred in finding that appellee did not admit that patrons flipped cigarettes toward cans in the bar. The judgment is not against the manifest weight of the evidence. The issue of whether appellee had stated earlier that patrons had a habit of flipping cigarettes toward a can is one of credibility, as on the stand, appellee testified that he did not remember making the statement. Tr. 172. Further, as noted by the court, appellant failed to prove how the fire started. As found by the court in its judgment entry, the consensus of the firemen was that the fire started on the first floor of the bar area, and although a specific cause was not identified, most probably it was an improperly discarded cigarette. One of the firefighters testified that she could not say the cigarette was burning when the bar closed, and that a cigarette could smolder two or three hours before bursting into flames. As found by the court, reports and witnesses could not explain precisely how the fire started, and therefore appellant did not prove negligence by a preponderance of the evidence. While there was some evidence that appellee had stated at some point that patrons tended to flip cigarettes instead of using the ashtray, there was no evidence that appellee allowed this as a permissible practice, or took no steps to prevent patrons from doing this.
 {¶ 21} The fourth assignment of error is overruled.
 {¶ 22} The judgment of the Licking County Municipal Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
topic: bailment — directed verdict