ELLER, Appellant,

v.

CONTINENTAL INVESTMENT PARTNERSHIP, d.b.a.
Raintree Village Mobile Home Park, Appellee.

[Cite as *Eller v. Continental Invest. Partnership*, 151 Ohio App.3d 729, 2003-Ohio-894.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1231.

Decided Feb. 28, 2003.

David M. Dworkin and Al Albright, for appellant.

P. Chris McGowan, for appellee.

SINGER, Judge.

{¶ 1} This is an accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas. Because the undisputed facts presented show that a mobile home park's manager intentionally ordered the removal and destruction of a tenant's mobile home without a writ of restitution or other authority, we reverse the judgment of the trial court granting judgment to the mobile home park and denying the tenant's cross-motion for summary judgment.

{¶ 2} Appellant, Doris D. Eller, was the owner of a mobile home, which she kept on a rented lot at the Raintree Mobile Home Park. The park is owned by appellee, Continental Investment Partnership.

{¶ 3} In 1999, when appellant failed to make timely lot rental payments, appellee, through its park manager, instituted eviction proceedings in the Toledo Municipal Court. On August 18, 1999, the municipal court entered judgment for appellee for possession, "writ to issue. No eviction after 10/22/99." On October 26, 1999, appellee filed a praecipe for a writ of restitution; however, court records show that on October 28, 1999, the writ was denied pursuant to the August 18, 1999 order.

{¶ 4} In the following months, although appellant removed her personal property from the mobile home, she did not remove the home from its lot. At some point in 2000, a third party removed appellant's home from Raintree Park, transported it out of state, and destroyed it.

{¶ 5} On August 14, 2000, appellant sued appellee in the action underlying this appeal. Appellant alleged that appellee had "willfully and maliciously * * * seized said trailer without permission and without legal right to do so * * *." Following discovery, the matter was submitted to the trial court on cross-motions for summary judgment.

{¶ 6} The trial court found that appellee had a judgment for possession and had "asked for and received a writ of restitution"; that the "defendant exercised self help in removing [the mobile home] from the park"; and, moreover, the trailer was worthless and "[t]he laws of equity require that this court find for the [appellee]." On these findings, the court granted appellee's summary judgment motion and denied appellant's.

{¶ 7} Appellant now brings this appeal, asserting in two assignments of error that the trial court erred in denying her summary judgment motion and in granting appellee's.

I

{¶ 8} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio

App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated:

{¶ 9} "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246. A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

■ {¶ 11} In the trial court and here, appellee argues that it was not responsible for appellant's mobile home because after the judgment for possession and the issuance of the writ of restitution, the continued presence of the mobile home on appellee's lot constituted a trespass. Therefore, appellee claims, it owed no duty to appellant, save that it not willfully damage her property. Appellant supported its motion for summary judgment with the affidavit of Raintree Park's manager, who averred that a judgment for eviction had been obtained and a writ of restitution issued. Moreover, the manager stated that she had, to no avail, repeatedly contacted appellant in an effort to get her to move the mobile home.

{¶ 12} Appellant responded to appellee's motion, submitting a certified copy of the municipal court journal, which showed that, although appellee applied for a writ of restitution, issuance of the writ was denied due to the provision in the court's original judgment that no writ should issue "after 10/22/99." Additionally, appellant submitted the park manager's deposition. The manager testified that in April 2000, she directed a mobile-home moving contractor to remove appellant's trailer and dispose of it.

{¶ 13}   Appellant argued that appellee's utilization of a "self help" removal of appellant's mobile home constituted a wrongful eviction pursuant to R.C. 3733.17 and 1923.14, precipitating damages provided for in R.C. 3733.17(C).   Alternatively, appellant argued, appellee's seizure of the mobile home constituted a conversion, entitling appellant to recover the value of the mobile home.

{¶ 14}   The trial court found that appellee had obtained a judgment of possession and a writ of restitution.   This finding was clearly erroneous, as the park manager's affidavit conflicted with her own deposition testimony and the Toledo Municipal Court's journal as to whether the writ of execution was issued.

{¶ 15}   Alternatively, the trial court found that no matter what theory of recovery was advanced, it was irrelevant because the value of the trailer was zero or less than zero.   This conclusion was based on the deposition testimony of the park manager, who testified that she believed that it would cost more to put the mobile home into habitable condition than the eventual value of the mobile home, assuming such repairs.   This estimation of value was undisputed.

{¶ 16}   While the zero estimate of the mobile home's value was not disputed, there was never any reason for appellant to submit opposing proofs, as the matter of valuation was never raised by appellee in its motion.   Courts may not sua sponte grant summary judgment premised on issues not raised by the parties.   *Intagliata v. Lightning Rod Mut. Ins. Co.* (Dec. 11, 1992), Lucas App. No. L–92–112, 1992 WL 365163, citing *Mitseff v. Wheeler,* supra, 38 Ohio St.3d at 113, 526 N.E.2d 798.

{¶ 17}   Consequently, the trial court erred in granting summary judgment to appellee and appellant's first assignment of error is well taken.

## II

{¶ 18}   With respect to the trial court's failure to grant appellant's summary judgment motion, there is no dispute that appellee's agent ordered the removal (and likely destruction) of appellant's mobile home.   Even applying appellant's own argument, if the presence of appellant's mobile home on appellee's lot constituted a trespass, appellee still had a duty to refrain from willfully damaging this property.   *Morris v. Anthony Estates* (June 15, 1984), Wood App. No. WD–84–15, 1984 WL 7911; *Ringler v. Sias* (1980), 68 Ohio App.2d 230, 232, 22 O.O.3d 353, 428 N.E.2d 869.

{¶ 19}   In a civil context, the term "willfully" does not implicate a bad purpose;  the word denotes an act which is intentional, knowing, or voluntary, as opposed to accidental.   Black's Law Dictionary (6th Ed.1990) 1599–1600.   It is undisputed that appellee's agent intentionally ordered the removal of appellant's

mobile home and its destruction or the equivalent. Consequently, appellant was entitled to summary judgment on the issue of liability.

{¶ 20} Accordingly, appellant's second assignment of error is well taken.

{¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings to determine damages. Costs to appellee.

Judgment reversed.

RICHARD W. KNEPPER and MARK L. PIETRYKOWSKI, JJ., concur.