OPINION
{¶ 1} This is an appeal from the June 3, 2005, decision of the Fairfield County Municipal Court, Small Claims Division, approving the report of the Magistrate and dismissing Appellant's case with prejudice.
 {¶ 2} Appellee, Sharon Whitmer, has not filed a brief in this appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Vernon George rented a garage from Appellee Sharon Whitmer for $50.00 per month, in which he kept certain tools. Other parties, including Appellee Whitmer, also had personal property stored in the same garage. Appellant did not rent the entire garage.
 {¶ 4} Appellant George states that on or about July 27, 2004, that certain tools were stolen from said garage. Appellant filed a police report indicating a loss of approximately $640.00.
 {¶ 5} On February 10, 2005, Appellant filed a Complaint in the Fairfield County Municipal Court, Small Claims Division, naming Sharon Whitmer as the defendant.
 {¶ 6} On March 23, 2005, this matter was heard before a Magistrate. At trial, Appellant introduced into evidence a handwritten list of tools, indicating his opinion as to the value of such tools and alleging that he was owed $2,050.00 for said stolen tools. The evidence also indicated that the tools were not all new tools.
 {¶ 7} On March 31, 2005, the Magistrate filed Findings of Fact, Conclusions of Law and Decision. In said decision, the Magistrate found that Appellant testified that he did not have any idea who stole his property nor did he present any evidence that Appellee Whitmer was responsible for the theft. The Magistrate also found that Appellee had a sign displayed on the garage indicating that she was not responsible in case of fire or theft.
 {¶ 8} Ultimately, the Magistrate found that Appellant failed to prove his case by a preponderance of the evidence and ordered that such case be dismissed with prejudice.
 {¶ 9} On April 14, 2005, Appellant filed written objections to the Magistrate's Decision.
 {¶ 10} On June 1, 2005, the trial court overruled said objections.
 {¶ 11} On June 3, 2005, the trial court filed its Journal Entry approving the report of the Magistrate and dismissing Appellant's case with prejudice
 {¶ 12} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT APPROVED THE MAGISTRATES [SIC] REPORT WITHOUT CORRECTLY APPLYING THE LAW OF BAILMENT, AND THUS ERRED IN REQUIRING APPELLANT TO SHOW THAT DEFENDANT WAS RESPONSIBLE FOR REMOVING PLAINTIFF'S PROPERTY FROM A GARAGE SHE RENTED TO HIM BEFORE HE COULD RECOVER HIS DAMAGES FOR THE DISAPPEARANCE OF HIS PROPERTY."
 I. {¶ 14} In his sole assignment of error, Appellant argues that the trial court erred in not applying the law of bailment in the case sub judice. We disagree.
 {¶ 15} A bailment is the delivery of goods or personal property by one person to another in trust for a particular purpose. Welch v. Smith (1998), 129 Ohio App.3d 224, 229, 717
N.E.2.
 {¶ 16} In order to establish a cause of action in contract under a bailment theory, the bailor must prove: (1) a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to deliver the bailed property undamaged at the termination of the bailment. Vandeventer v.Vandeventer (1999), 132 Ohio App.3d 762, 768, 726 N.E.2d 534. A contract of bailment is formed like any other contract, and its essential elements include delivery of the personal property to the bailee and acceptance by the bailee, with the intended return to the bailor. Bess v. Trader's World, Inc. (December 24, 2001), Warren App. No. 2001-06-063. Absent an express agreement between the parties, the alleged bailor must take some action that is consistent with an intent to possess custody of property.Ringler v. Sias (1980), 68 Ohio App.2d 230, 428 N.E.2d 869.
 {¶ 17} As mentioned above, to prove a bailment a contract must be shown. This contract may be express or implied.Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284-285; Giles v. Meyers (1952), 62 Ohio Law Abs. 558, 561. Further, as in the creation of all contracts, "there must be a meeting of the minds as to the terms and conditions." Edwards v.Crestmont Cadillac (1979), 64 Ohio Misc. 1, 8.
 {¶ 18} In the instant case, there is no evidence in the record to indicate that either party intended to enter into a bailment contract, that the parties intended to create a bailment, or that an implied bailment arose by the conduct of the parties. Appellant never delivered his property to Appellee, in trust, for any purpose. Appellant rented space from Appellee in which to keep his personal property, to which Appellant had a key and unrestricted access.
 {¶ 19} Based on the foregoing, we find that the trial court did not err in finding that Appellant failed to prove his case sounding in bailment against Appellee by a preponderance of the evidence.
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} The decision of the Fairfield County Municipal Court is affirmed.
Boggins, PJ. Gwin, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Small Claims Division, Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.