[Cite as *Mannion v. Lake Hosp. Sys., Inc.*, 2016-Ohio-8428.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

LAURA MANNION,                     :        **O P I N I O N**

　　　　　Plaintiff-Appellant,        :

　　　　- vs -                        :        **CASE NO. 2016-L-015**

LAKE HOSPITAL SYSTEM, INC., et al.,   :

　　　　　Defendants-Appellees.       :

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 001952.

Judgment: Affirmed in part and reversed in part; remanded.

*Brian D. Spitz*, The Spitz Law Firm, LLC, 25200 Chagrin Boulevard, Suite 200, Beachwood, OH 44122 (For Plaintiff-Appellant).

*Christopher B. Congeni* and *Daniel J. Rudary*, Brennan, Manna & Diamond, 75 East Market Street, Akron, OH 44308 (For Defendants-Appellees).


TIMOTHY P. CANNON, J.

{¶1}　Appellant, Laura Mannion, appeals the summary judgment awarded by the Lake County Court of Common Pleas in favor of appellees, Lake Hospital System, Inc. and Marie Creagh, on appellant's claims of age discrimination and wrongful discharge. For the following reasons, we affirm in part and reverse in part the trial court's judgment.

{¶2}　Appellant was employed by Appellee Lake Hospital System as a Licensed Practical Nurse ("LPN") from 1980 until she was discharged on April 10, 2014. Appellee

Marie Creagh, RN, was hired as the nursing supervisor by Lake Hospital Systems in spring 2012. Appellant alleges Nurse Creagh displayed a pattern of discrimination against older nurses and against appellant, in particular. Appellant's work shifts increased from eight to twelve hours; she was placed on stand-by and made to work part time; her hours were restricted based on the number of patients on the floor; and she was assigned to work as an aide in addition to her LPN duties. Appellant also alleges Nurse Creagh made comments regarding appellant's age, e.g.: "I know that you're just waiting to retire"; "wouldn't [you] be happier somewhere else"; and stated appellant "could retire early" and was "old school."

{¶3} Appellant represents she was an exemplary and respected employee prior to Nurse Creagh's arrival at Lake Hospital System. Subsequent to Nurse Creagh's arrival, however, appellant received four written performance corrective actions ("PCA") from Nurse Creagh for job-related issues. On May 29, 2013, appellant allegedly obtained an incorrect blood pressure reading on a patient and erroneously administered a dosage of anti-hypertensive medication; the patient's blood pressure was so low that he eventually went into septic shock. On December 13, 2013, appellant was written up for attendance issues. On December 17, 2013, appellant allegedly gave a patient a double dosage of blood thinning medication; this PCA was marked as a final warning, meaning one more could lead to suspension or termination. On April 10, 2014, appellant received a PCA because of alleged patient complaints regarding her performance.

{¶4} Appellant disputes her culpability in each of the PCAs except for the attendance issues. She believes Nurse Creagh fabricated the fourth and final PCA in

2

order to fire her. Appellant was in fact terminated on April 10, 2014, from the position she had held for over 30 years. Appellant was 55 years old at the time of her termination.

{¶5} On October 7, 2014, appellant initiated an action for injunctive relief and damages in the Lake County Court of Common Pleas. Appellant filed an amended complaint on November 6, 2014, against appellees and Defendant Donna Prescott. Ms. Prescott was later dismissed with prejudice for failure of service. Appellant alleged five causes of action in her amended complaint, two of which were dismissed with prejudice on the pleadings. The following three causes of action remained: (1) age discrimination; (2) wrongful discharge due to age; and (3) intentional infliction of emotional distress.

{¶6} Appellees moved for summary judgment. The trial court determined appellees were entitled to summary judgment as a matter of law on each of appellant's remaining claims. The trial court held that appellant's age discrimination claim was time-barred for actions that allegedly occurred pre-termination and that appellant could not establish a prima facie case of wrongful discharge based on her age. The grant of summary judgment on the claim of intentional infliction of emotional distress is not challenged on appeal.

{¶7} Appellant timely appealed the grant of summary judgment and presents three assignments of error for our review. We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶8} We first address appellant's third assignment of error:

3

{¶9} "The trial court committed reversible error by finding the continuing violation theory inapplicable."

{¶10} Appellant argues she was targeted based on her age and, therefore, Nurse Creagh's discriminatory conduct should be viewed as a "continuing violation" for all the adverse employment actions appellant suffered prior to her termination. Appellees respond that the "continuing violation doctrine" does not toll the statute of limitations in this case regarding alleged discriminatory actions that occurred pre-termination.

{¶11} R.C. 4112.02(N) provides that "[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights."

{¶12} Appellant cites Ohio Adm.Code 4112-3-01(D)(2) as authority for the "continuing violation" doctrine, which provides: "In cases of recurring or continuing violations, the filing period begins to run anew with each new discriminatory act or with each new day of the continuing violation." This code provision specifically applies to the filing of charges with the Ohio Civil Rights Commission, which did not occur here. The doctrine, however, does appear in federal common law and has been adopted by some Ohio courts.

{¶13} The Tenth District, for example, has explained that federal courts recognize "two narrow exceptions of continuing violations that would toll the running of the statute of limitations: (1) an ongoing series of discriminatory acts; and (2) a long-

4

standing policy of discrimination." *Chapa v. Genpak, LLC*, 10th Dist. Franklin No. 12AP-466, 2014-Ohio-897, ¶99, citing *Dendinger v. Ohio*, 207 Fed.Appx. 521, 526 (6th Cir.2006), citing *Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir.2003).

**{¶14}** The United States Supreme Court has further emphasized that the doctrine does not apply to "discrete acts of discrimination, even those that are related to one another, unless it involves a hostile work environment claim" nor does it apply to "discrete acts of which the plaintiff was aware at the time that they occurred and when the plaintiff has failed to present evidence of a long-standing policy of discrimination." *Id.* at ¶100, citing *Natl. R.R. Corp. v. Morgan*, 536 U.S. 101 (2002). In order to establish a long-standing policy of discrimination, a plaintiff must present evidence that such policy is part of the employer's standard operating procedure regarding a class of employees of which the plaintiff is a member. *See Sharpe*, *supra*, at 269 (citations omitted).

**{¶15}** Appellant has not alleged a hostile work environment claim nor has she presented evidence that Lake Hospital System's standard operating procedure included a long-standing policy of discrimination. The continuing violation doctrine cannot be applied to any discrete claims of discrimination in order to toll the 180-day statute of limitations. We note that any alleged discriminatory pre-termination actions may be relevant to support appellant's claim of wrongful discharge. However, because appellant does not allege a claim for damages due to any specific pre-termination actions, we agree with the trial court that the continuing violation simply does not apply to this case.

**{¶16}** Appellant's third assignment of error is without merit.

**{¶17}** Appellant's first and second assignments of error contend:

[1.] The trial court committed reversible error by finding Mannion failed to make a prima facie case of age discrimination.

[2.] The trial court committed reversible error by finding there is no genuine issue of material fact as to whether Lake Hospital's proffered reason for termination was pretext.

**{¶18}** Appellant argues the trial court erroneously held appellant had not established a prima facie case of discrimination; granted summary judgment on an element that was not raised in appellees' motion; and weighed the evidence in order to decide questions of fact that should be reserved for a jury. Appellees respond that appellant did not establish a prima facie case of discrimination, and even if the trial court entered judgment on an element they did not raise, this court is permitted to affirm on any legally correct grounds.

**{¶19}** Pursuant to Civ.R. 56(C), summary judgment is proper when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶20}** "A party seeking summary judgment must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 116 (1988). "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue

6

of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "[T]he moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.* (emphasis sic).

{¶21} If the moving party satisfies this initial burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* "It is only after the moving party has delineated the specific reasons for summary judgment that a reciprocal obligation arises for the non-moving party to demonstrate that a genuine issue of material fact exists regarding those issues." *LeFever v. Aircraft Braking Sys. Corp.*, 9th Dist. Summit No. 16496, 1994 Ohio App. LEXIS 2419, *5 (June 1, 1994), citing *Mitseff*, *supra*, at 115.

{¶22} It is, therefore, reversible error for a trial court to "'sua sponte grant summary judgment premised on issues not raised by the parties.'" *Ranallo v. First Energy Corp.*, 11th Dist. Lake No. 2005-L-187, 2006-Ohio-6105, ¶26, quoting *Eller v. Continental Invest. Partnership*, 151 Ohio App.3d 729, 2003-Ohio-894, ¶16 (citations omitted); *see also Patterson v. Ahmed*, 6th Dist. Lucas No. L-07-1142, 176 Ohio App.3d 596, ¶14.

{¶23} Appellant's age discrimination claim is brought pursuant to R.C. 4112.02(A), which states, in pertinent part, that it is "an unlawful discriminatory practice * * * [f]or any employer, because of the [age] of any person, to discharge without just

cause[.]" Ohio courts examine state employment discrimination claims under federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e et seq., Title 42, U.S. Code. *Coryell v. Bank One Trust Co.*, 101 Ohio St.3d 175, 2004-Ohio-723, ¶15; *see also Hunt v. Trumbull Community Action Program*, 11th Dist. Trumbull No. 2005-T-0036, 2006-Ohio-1698, ¶21, citing *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 147 (1983).

**{¶24}** An employee may establish a prima facie case of age-based wrongful discharge by one of two methods. "Regardless of the method utilized, the plaintiff at all times bears the burden of proof." *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. Allen No. 1-09-58, 2010-Ohio-4291, ¶18, citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

**{¶25}** A prima facie case can, naturally, be established with direct evidence that the termination was motivated by age. *See, e.g.*, *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501, 506 (1991). However, "[b]ecause discriminatory intent is seldom evidenced by overt actions and direct evidence, plaintiffs are more likely to [utilize] the *McDonnell Douglas* evidentiary framework to establish a prima facie case." *Miller*, *supra*, at ¶19, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

**{¶26}** In a trial setting, under the *McDonnell Douglas* framework, the plaintiff must first raise a presumption of discrimination by establishing that (1) the employee was a member of a statutorily-protected class; (2) the employee was discharged; (3) the employee was qualified for the position; and (4) the employee's discharge permitted the employer to retain or hire a "substantially younger" person. *Coryell, supra, at* paragraph

8

one of the syllabus, modifying *Barker*, *supra*, at ¶20, citing *McDonnell Douglas*, *supra*. The employer "may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for [the employee's] discharge." *Kohmescher*, *supra*, at 503; *see also Allen v. totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, ¶4. "Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination." *Barker*, *supra*, at paragraph one of the syllabus.

**{¶27}** Application of this test in a summary judgment exercise has been varied and is sometimes difficult to apply. "In a motion for summary judgment, *McDonnell Douglas*' shifting evidentiary burdens are affirmative for both the movant and the non-movant." *Berenda v. Buzek, Kiplinger & Assocs.*, 8th Dist. Cuyahoga No. 79357, 2002 Ohio App. LEXIS 121, *14 (Jan.17, 2002). In the rebuttal stage, the defendant has the burden of production. *Id.*, citing *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 666 (6th Cir.1999). "An employer's proffered explanation must be legally sufficient to justify a judgment for the defendant." *Id.*, citing *Burdine*, *supra*, at 255.

**{¶28}** In other words, as the moving parties herein, appellees must demonstrate the absence of a genuine issue of material fact as to at least one element of appellant's prima facie case of wrongful discharge due to age discrimination or provide a legally sufficient explanation for appellant's termination to justify entering summary judgment in their favor. If appellees do so, the summary judgment burden shifts to appellant, the non-moving party, to demonstrate the existence of a genuine issue of material fact as to the element(s) of a prima facie case challenged by appellees or to demonstrate that the proffered explanation for her termination is pretextual.

{¶29} Here, appellees moved for summary judgment on two different theories. First, with regard to the prima facie case, appellees contended only that appellant could not show that she was qualified for the position from which she was discharged. This shifted the burden to appellant to establish a factual issue only as to that element. Alternatively, appellees raised a defense that is applicable only after the plaintiff has established a genuine issue of material fact as to her prima facie case. Appellees asserted appellant was legally discharged as a result of receiving multiple corrective actions due to poor performance that jeopardized patient safety. Appellant responded to both assertions, but with regard to the prima facie case, she responded only to the element challenged by appellees.

{¶30} On consideration, the trial court declined to address whether appellant was qualified for the job. Rather, the trial court determined appellees were entitled to summary judgment on the wrongful discharge claim because appellant presented no evidence that she had been replaced by a substantially younger person or that firing her permitted the retention of a person outside the protected class—an issue that was not raised by appellees in their motion for summary judgment. Further, in reaching its conclusion, the trial court stated it will *assume* appellant is qualified for her former job despite the corrective actions she received. This was, however, a factual dispute between the parties in their summary judgment arguments.

{¶31} The trial court therefore granted summary judgment on the basis of matters not specifically raised in appellees' initial motion. As a result, the burden never shifted to appellant, and her reciprocal summary judgment obligation never arose. This was reversible error. The burden on the non-moving party to establish the elements of

10

a prima facie case should only be with respect to matters raised in the initial motion for summary judgment. It would be patently unfair to allow, and Civ.R. 56 does not require, a shift in the burden to the non-moving party to establish a prima facie element the moving party never put in issue. *See, e.g.*, *LeFever*, *supra*, at \*4, citing *Mitseff*, *supra* ("the Supreme Court of Ohio rejected the assertion that a motion for summary judgment puts the non-moving party on notice that the entire claim is being challenged").

**{¶32}** Appellant's first assignment of error has merit.

**{¶33}** The trial court also declined to address whether appellees' stated reason for terminating appellant was legitimate or pretextual. This is, presumably, due to the fact that the trial court found appellant did not meet her burden of establishing a genuine issue regarding the prima facie case of discrimination. Because it was raised in appellees' motion for summary judgment, we consider the matter de novo.

**{¶34}** "Pretext is established by either (1) a direct evidential showing that a discriminatory reason more likely motivated the employer or (2) an indirect evidential showing that the employer's explanation is not credible. \* \* \* 'Mere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment.'" *Bentley v. API Pattern Works, Inc.*, 11th Dist. Lake No. 2000-L-140, 2001 Ohio App. LEXIS 4804, \*6 (Oct. 26, 2001), quoting *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988); *see also Evans v. PHTG, Inc.*, 11th Dist. Trumbull No. 2001-T-0054, 2002-Ohio-3381, ¶60, citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 198 (1981), citing *McDonnell*, *supra*, at 804-805.

11

{¶35} Appellees put forth evidence of four written PCAs received by appellant from Nurse Creagh for job-related issues. Appellant then put forth evidence disputing her culpability in three of these PCAs and, indirectly, has shown that appellees' explanation may not be credible. Specifically, there is conflicting deposition testimony regarding patient complaints and whether appellant was disciplined for events that occurred while she was following protocol. In addition, the comments attributed to Nurse Creagh by appellant, if believed, might be considered relevant with regard to appellees' actual motives in terminating appellant. After a review of all the evidence, it is clear that if a jury believed appellant's version of events, it could decide this case in favor of appellant. Appellant has demonstrated the existence of a factual dispute regarding the issue of pretext that must be decided by a trier of fact, not by a court in a summary judgment exercise.

{¶36} Appellant's second assignment of error has merit.

{¶37} For the reasons stated herein, the judgment of the Lake County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

12