DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of Lawrence Economic Development Corporation and Patricia L. Clonch, defendants below and appellees herein. The trial court denied the motion for injunctive relief/motion for summary judgment filed by McGinnis, Inc., plaintiff below and appellant herein.
 {¶ 2} Appellant raises the following assignments of error:
First Assignment of Error:
"The Trial Court Erred [in] Denying Injunctive Relief with respect to the Approval of the Superior marine lease as such Action was taken Behind Closed Doors and without Trustee Approval in Violation of Ohio Law."
Second Assignment of Error:
"The Trial Court Erred in Granting Summary Judgment Against McGinnis as to each of its Claims."
 {¶ 3} Lawrence Economic Development Corporation (LEDC) is a Community Improvement Corporation created pursuant to R.C. 1724.01 et seq. LEDC is developing an industrial park, known as "The Point." The Point sits on approximately 504 acres along the Ohio River. Appellant owns property close to The Point.
 {¶ 4} Appellant's facility along the Ohio River provides marine services, such as fleeting, docking, and barge cleaning. Superior Marine, Inc., also operates a similar marine services facility along the Ohio River. Superior Marine's facility is located further upstream the Ohio River than appellant's facility.
 {¶ 5} In its effort to develop The Point, LEDC engaged in discussions with both Superior Marine and appellant. In June of 2000, Superior Marine signed an LEDC document entitled "Intent to Locate in South Point Industrial Park."
 {¶ 6} LEDC continued to discuss The Point with appellant. In September of 2000, appellant's president, Barry Gipson, advised Roger Haley, manager for The Point and an LEDC employee, that appellant "would be interested in doing anything [it] could to be involved with The Point."
 {¶ 7} Over the course of the next several months, the parties continued to discuss The Point. During the parties' meetings, Haley denied that LEDC had entered into any arrangement with Superior Marine for The Point. On one occasion, Haley toured appellant's facility and Gipson informed Haley of the services that appellant could provide. Appellant eventually compiled sketches demonstrating how its facility could be incorporated into The Point.
 {¶ 8} On January 17, 2001, Haley advised appellant that LEDC had agreed to lease the river front property to Superior Marine. On April 17, 2001, LEDC's executive board approved the Superior Marine lease.
 {¶ 9} On February 8, 2001, appellant filed a complaint against appellees. Appellant's complaint contained causes of action for fraud, negligent misrepresentation, defamation, and intentional interference with prospective business relations. Appellant alleged that: (1) LEDC represented to appellant that it had not agreed to lease the riverfront property at the Point to Superior Marine; (2) LEDC knew the above representation to be false; (3) in reliance on LEDC's representation, appellant continued to devote time and resources toward developing ideas for The Point and continued to meet with LEDC representatives and officials to discuss appellant's possible role in The Point; (4) had appellant known that LEDC already promised a lease to Superior Marine, appellant would not have devoted resources to The Point, but instead would have devoted its resources to other endeavors; and (5) appellant has been harmed in an amount to be shown at trial. Appellant further alleged that Clonch defamed appellant by falsely representing to LEDC board members that appellant was not interested in leasing the riverfront property.
 {¶ 10} On August 14, 2002, appellees filed a motion for summary judgment, judgment on the pleadings, and Rule 11 sanctions. In their motion, appellees argued that no genuine issues of material fact remained as to whether appellant suffered damages as a result of the conduct alleged in appellant's complaint. Appellees asserted that McGinnis's and Gipson's deposition show that appellant did not suffer damages.
 {¶ 11} On August 15, 2002, appellant filed a motion for injunctive relief, "[p]ursuant to Rule 56 of the Ohio Rules of Civil Procedure." Appellant asserted that "the relevant facts are not in dispute." Appellant requested the trial court to issue injunctive relief under R.C. 121.22
that would: (1) require LEDC to comply with statutory requirements regarding open meetings and participation of public officials; and (2) declare invalid a lease between the LEDC and Superior Marine.
 {¶ 12} Appellant did not file a memorandum in opposition to appellees' motion, and appellees did not file a memorandum in opposition to appellant's motion.
 {¶ 13} Subsequently, the trial court held an oral hearing regarding the parties' motions. At the hearing, appellees asserted the following reasons why the trial court should deny appellant's motion: (1) the motion contained new theories for relief that appellant did not assert in its complaint; (2) appellant did not seek leave to file an amended complaint; and (3) one of the parties that the injunction would affect, Superior Marine, was not a party to the lawsuit.
 {¶ 14} Appellees additionally asserted that the trial court should grant their motion for summary judgment. Appellees contended that the depositions show that appellant suffered no damages. Appellees did not argue whether any genuine issues of material fact remained as to the other elements necessary to sustain appellant's causes of action.
 {¶ 15} Appellant argued that genuine issues of material fact remained as to every element of the causes of action asserted in its complaint. As to appellees' claim that appellant did not suffer damages, appellant referred the trial court to McGinnis's deposition in which he stated that: (1) had he known about Superior Marine, he would have presented a competing offer; (2) appellant has been damaged by the use of public funds to locate a competitor right next door to its property; (3) Superior Marine's competing business will affect appellant's business; and (4) Superior Marine's competing business will hamper appellant's ability to bid on large contracts.
 {¶ 16} Appellant's counsel admitted that appellant does not yet have a specific amount of damages suffered, but asserted that appellant has in fact suffered monetary damages and that appellant will later show the amount.
 {¶ 17} With respect to its motion for injunctive relief, appellant readily conceded that the issue regarding the failure to comply with R.C. 121.22 was not raised in its complaint. Appellant asserted, however, that inasmuch as discovery revealed appellees' failure to comply with the statute, its complaint could not have raised the issue. At no time, however, did appellant seek leave to amend its complaint.
 {¶ 18} The trial court questioned appellant as to whether Superior Marine should be a party to the lawsuit inasmuch as appellant requested the court to declare Superior Marine's lease invalid. Appellant asserted that Superior Marine need not be added as a party.
 {¶ 19} On October 11, 2002, the trial court denied appellant's motion and granted appellees' motion. Appellant filed a timely notice of appeal.
 I {¶ 20} In its first assignment of error, appellant argues that the trial court erred by denying its motion for injunctive relief/summary judgment motion. Appellant contends that the trial court should have declared Superior Marine's lease with LEDC invalid because LEDC's approval of the lease failed to comply with R.C. 121.22 for two reasons: (1) the public body approving the lease did not consist of two-fifths public officials; and (2) LEDC approved of the lease behind closed doors.
 {¶ 21} Appellees do not argue the merits of the claimed R.C. 121.22
violation. Rather, appellees assert that appellant's motion is procedurally deficient. Appellees assert that appellant improperly raised the purported R.C. 121.22 violation by a summary judgment motion instead of first seeking leave to amend its complaint. Appellees correctly note that the original complaint did not assert an R.C. 121.22 violation and that appellant's motion raised entirely new issues from the issues raised in the complaint. Appellees further contend that even assuming the alleged R.C. 121.22 violation could be asserted, for the first time, in a summary judgment motion, the trial court could not declare the lease invalid without Superior Marine being added as a party.
 {¶ 22} We agree with appellees that appellant's attempt to assert the alleged R.C. 121.22 violation by summary judgment motion when appellant did not raise the alleged violation in its complaint is fatal to appellant's first assignment of error. Civ.R. 56(A) permits a party to move for summary judgment "upon a claim, counterclaim, or cross-claim." Civ.R. 56 generally does not permit a party to move for summary judgment on a new claim for relief.
 {¶ 23} Although a party generally may not move for summary judgment on a claim for relief not previously raised in the pleadings, the parties may expressly or impliedly consent to resolve a new claim for relief by a summary judgment motion. See Civ.R. 15(B). Civ.R. 15(B) applies not only to cases that actually proceed to a trial in the traditional sense, but it also applies to summary judgment proceedings. See, generally,Austintown Local School Dist. Bd. of Edn. v. Mahoning Cty. Bd. of MentalRetardation Dev. Disabilities (1993), 66 Ohio St.3d 355, 365,613 N.E.2d 167; Musa v. St. Vincent Mercy Medical Center (Apr. 13, 2001), Lucas App. No. L-00-1283. Civ.R. 15(B) permits the trial court to allow amendment of the pleadings if "issues not raised by the pleadings are tried by express or implied consent of the parties." Civ.R. 15(B) provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
 {¶ 24} Civ.R. 15 "expresses a liberal policy toward the allowance of amendments. As one court has noted, `Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Hall v. Bunn (1984),11 Ohio St.3d 118, 121, 464 N.E.2d 516 (quoting Hardin v.Manitowoc-Forsythe Corp. (C.A. 10, 1982), 691 F.2d 449, 456) (footnote omitted).
 {¶ 25} Although Civ.R. 15 requires trial courts to liberally allow the pleadings to be amended, such amendment must be by motion. See In reElection Contest of Democratic Primary Held May 4, 1999 for Clerk,Youngstown Mun. Court (2000), 88 Ohio St.3d 258, 264, 725 N.E.2d 271;State ex rel. Evans v. Bainbridge Tp. Trustees (1983), 5 Ohio St.3d 41,44, 448 N.E.2d 1159. Thus, during summary judgment proceedings, if a party raises a new issue not fairly encompassed within the pleadings, if the opposing party addresses the merits of the new issue, and if the trial court considers the new issue in reaching its decision, Civ.R. 15(B) allows the pleadings to be amended to reflect the new issue. SeeMusa (concluding that because the new issue "was included by appellees in their motion for summary judgment, argued by both appellants and appellees and addressed by the trial court in its decision," the issue was tried by implied consent).
 {¶ 26} In the case at bar, appellant never sought to amend the complaint. Additionally, we note that appellees did not expressly or impliedly consent to argue the merits of appellant's summary judgment motion. Instead, appellees specifically raised the procedural irregularities appellant's motion wrought. We therefore conclude that appellant did not properly raise the issue regarding appellees' alleged failure to comply with R.C. 121.22 and that the trial court appropriately denied appellant's summary judgment motion regarding its claim for injunctive relief.[1]
 {¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 28} In its second assignment of error, appellant asserts that the trial court erred by granting appellees' motion for summary judgment. Appellant argues that genuine issues of material fact remain for resolution at trial regarding every element of each of its claims for relief. Appellees contend that the trial court properly entered summary judgment because no genuine issues of material fact remain as to whether appellant suffered damages.
 {¶ 29} Initially, we note that when an appellate court reviews a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer
(2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 30} Civ.R. 56(C) provides, in relevant part, as follows:
"* * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 31} The party seeking summary judgment bears the initial burden of specifically delineating the basis upon which the motion is made and of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Only after the moving party satisfies its initial burden does the nonmoving party bear a duty to respond with specific facts showing that a genuine issue of material fact remains. See Civ.R. 56(E); Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 145, 677 N.E.2d 308; Dresher, 75 Ohio St.3d at 295;Eller v. Continental Invest. Partnership (2003), 151 Ohio App.3d 729,731, 785 N.E.2d 802.
 {¶ 32} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
"* * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 33} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. SeeDresher, 75 Ohio St.3d at 293; Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 34} In the case at bar, appellees asserted as the sole basis for its summary judgment motion that appellant did not submit any evidence to prove damages. Appellees did not argue that no genuine issue of material fact remained as to any other elements of appellant's claim. Therefore, because appellees did not satisfy their initial Civ.R. 56 burden with respect to any issue other than whether appellant suffered damages, appellant did not possess a duty to show a genuine issue of material fact regarding anything other than whether it suffered damages. Thus, our review is limited to whether genuine issues of material fact remain as to whether appellant suffered damages. See Mitseff (stating that the moving party must specifically delineate the basis upon which it seeks summary judgment); Tackett v. Columbia Energy Group Service Corp. (Nov. 20, 2001), Franklin App. No. 01AP-89 (stating that "the trial court should * * * restrict its ruling to those matters raised and argued by the parties in the motion for summary judgment").
 {¶ 35} After our review of the record, we find that genuine issues of material fact remain as to whether appellant suffered damages. Appellant did not concede, as appellees assert, that it lacks proof of damages. To the contrary, appellant outlined the type of damage it has suffered, including loss of business and loss of time and resources. Furthermore, the deposition testimony reveals that genuine issues of material fact remain. Appellant's president and owner stated that a competitor located close to its facility will reduce its business. We hasten to add, however, that our function at this juncture is not to determine the validity of appellant's assertions. Rather, our duty is to simply determine if disputed issues of material fact exist.
 {¶ 36} Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error and we affirm, in part, and reverse in part, the trial court's judgment, and remand this cause for further proceedings.
JUDGMENT AFFIRMED, IN PART, AND REVERSED AND REMANDED, IN PART.
EVANS, P.J., ABELE, J. KLINE, J.: Concur in Judgment 
Opinion.
[1] Assuming that appellant had properly raised the issue, we question whether Superior Marine is a necessary party. We note, however, that even if the trial court were to determine that Superior Marine is a necessary party, Civ.R. 19 does not allow the trial court to outright dismiss the action, but instead requires the trial court to order that the party be added to the action. See State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 81, 537 N.E.2d 641 (stating that "Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined" and that "dismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured.").